**DICKINSON WRIGHT PLLC**
JOHN L. KRIEGER
Nevada Bar No. 6023
Email: jkrieger@dickinson-wright.com
3883 Howard Hughes Pkwy, Ste. 800
Las Vegas, Nevada 89169
Tel: (702) 550-4400
Fax: (844) 670-6009

CATHERINE F. HOFFMAN
(Admitted *Pro Hac Vice*)
Email: choffman@dickinsonwright.com
350 East Las Olas Blvd, Ste 1750
Fort Lauderdale, FL 33301
Tel: (954) 991-5420
Fax. (844) 670-6009

*Attorneys for Plaintiff SBD Apparel Limited*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

SBD APPAREL LIMITED,
a United Kingdom Company,
Plaintiff,

v.

STRONGHOUSE GYM LLC , a Nevada corporation, TANNER MCBRIDE, an individual, ERIC AYALA, an individual and SCOTT MILLER, an individual,

Defendants.

CASE NO. 2:21-cv-00421

**DISCOVERY PLAN AND SCHEDULING ORDER**

**SPECIAL SCHEDULING REVIEW REQUESTED**

Under Fed. R. Civ. P. 26(f), Local Rule 26-1, and Patent Local Rules 16.1-1 et seq., Plaintiff, SBD Apparel Limited ("SBD"), and Defendants, Stronghouse Gym LLC ("Stronghouse"), Tanner McBride, Eric Ayala, and Scott Miller (collectively, "Defendants") (together, "the parties") conducted an Initial Scheduling Conference on **May 13, 2021** and hereby submit to the Court the following proposed Discovery Plan and Scheduling Order.

/ / /

/ / /

**DISCOVERY PLAN**

**I. <u>FEDERAL RULE 26</u>**

**A. Pursuant to Rule 26(a)(1)(C) parties will make their respective Rule 26(a) initial disclosures by June 17, 2021.**

**B. Federal Rule 26(f)(3)(B)-Subjects of Discovery**

1. Plaintiff's Statement:

Pursuant to Rule 26(f)(3)(B), SBD anticipates the need for discovery on, at least, the following subjects: 1) facts and information relating to infringement liability, including but not limited to, discovery on the structure, design, and manufacture of Defendants' knee and/or joint sleeve products; 2) facts and information relevant to damages, including, but not limited to, the number and location of Defendants' knee and/or joint sleeve products, and the pricing, purchase and other costs associated with Defendants' knee and/or joint sleeve products; 3) facts and information relevant to inequitable conduct and/or willful infringement, including, but not limited to, Defendants' knowledge of the patent-in-suit and their awareness and consideration of SBD's devices; 4) facts and information relevant to Defendants' counterclaims; and (5) the invalidity of Stronghouse's Patent No. D884,909 or any related patent or derivative thereto including, but not limited to, discovery regarding inventorship, Plaintiff's alleged conception of design and knowledge, awareness, and/or disclosure of prior art. SBD believes that it will need full discovery in this case and does not believe at this time that discovery should be conducted in phases.

2. Defendants' Statement:

Pursuant to Rule 26(f)(3)(B), Defendants anticipate the need for discovery on at least the following subjects: (1) facts and information relevant to invalidity of the asserted patent, including, but not limited to, discovery regarding inventorship, Plaintiff's alleged conception and reduction to practice of the invention, prior art, and the understanding and level of skill of one of ordinary skill in the art; (2) facts and information relevant to inequitable conduct, including, but not limited to, Plaintiff's knowledge and disclosure of prior art references, including prior products, patents, industry standards, and other publications; (3) facts and information relevant to damage alleged damages, if any, including, but not limited to, information regarding any Plaintiff product that

Plaintiff contends practices a the asserted patent and pricing, costs, sales and other information relating to such products; (4) facts and information relevant to the claims and counterclaims in suit, including, but not limited to, information regarding Plaintiff's knowledge of Stronghouse's products and information regarding licensing and assertion of the asserted patent, among other relevant information. At this time, Defendants do not think that discovery should be conducted in phases or limited to particular issues.

      a.     Per Rule 26(f)(3)(C), the parties state that there are currently no issues that require the Court's attention regarding disclosure, discovery, or the preservation of electronically stored information, including the form or forms in which it should be produced. The parties do expect that electronically stored information will be a source of discovery in this action. The parties will work cooperatively towards a mutually agreed plan for ESI discovery.

      b.     Per Rule 26(f)(3)(D), the parties state that there are currently no issues that require the Court's attention regarding claims of privilege or of protection as trial-preparation materials. The parties anticipate entering into a Joint Protective Order in this case.

      c.     Pursuant to Rule 26(f)(3)(E), the parties state that they agree to abide by the discovery limits set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Nevada Local Patent Rules and that no changes are needed at this time to these rules, except as proscribed below.

      d.     Pursuant to Rule 26(f)(3)(F), the parties state that they do not contemplate any other orders that the Court should issue under Rule 26(c) or under Rule 16(b) and (c).

     3.     Nevada Local Rule 26-1(a)

      a.     The parties have discussed all forms of alternative dispute resolution and will continue to explore the possibilities for resolution as this case proceeds.

      b.     The parties certify that they have discussed this option and agree that this case is properly suited before the U.S. District Judge.

      c.     The parties intend to present evidence in electronic format to jurors for the purposes of jury deliberations.

     d. The parties have stipulated that they will provide discovery in an electronic format compatible with the court's electronic jury evidence display system.

4. Nevada Local Patent Rule

a. Pursuant to LPR 1-4(d), the parties have considered, but do not believe the appointment of a Special Master under Fed. R. Civ. P. 53 is necessary at this time.

b. Pursuant to General Order 2013-01, the parties certify that they have considered the issue, but do not consent to the use of the Short Trial Program at this time.

c. Per LPR 1-3, the parties seek a minor modification to the schedule set forth in the Local Patent Rules. Specifically, the parties agreed that there are complex issues raised concerning the Parties' respective patents, which are compounded by the Parties' recent amendments to the pleadings. The Parties are in agreement that the deadline for initial disclosures and infringement contentions and resulting deadlines should run from the filing of SBD's responses to Defendants' Affirmative Defenses and Counterclaim to provide the parties with an opportunity to evaluate the scope of the other's claims prior to proceeding with infringement contentions.

**PROPOSED SCHEDULE**

| | |
|---|---|
| 1. Discovery Cut-Off | **March 9, 2022** (300 days total from Initial Scheduling Conference, partly due joint extension on disclosure of infringement contentions, accommodation of other Local Patent Rules, and separate expert discovery) |
| 2. Joint Protective Order | **May 27, 2021** (14 days after Initial Scheduling Conference) |
| 3. SBD's Responses to Affirmative Defenses and Counterclaim | **June 2, 2021** (per agreement of parties) |
| 4. Disclosure of Rule 26(a) Initial Disclosures, Asserted Claims, and Infringement Contentions and accompanying document production | **June 17, 2021** (deadline to disclose infringement contentions, per joint agreement) |
| 5. Disclosure of Non-Infringement, Invalidity, and Unenforceability Contentions | **August 2, 2021** (45 days after infringement contentions disclosed) |

| | |
|---|---|
| 6. Response to Non-Infringement Contentions | **August 16, 2021** (14 days after non-infringement and/or invalidity contentions disclosed) |
| 7. Three Proposed Dates for Pre-Claim Construction Settlement Conference | **August 23, 2021**<br>**August 25, 2021**<br>**August 30, 2021**<br>(3 proposed dates that are within 30 days after the completion of the Initial Disclosures and Responses) |
| 8. Exchange of Proposed Lists for Claim Construction | **September 8, 2021** (118 days from Initial Scheduling Conference, which accommodates the 28-day extension agreed upon between the parties for the disclosure of infringement contentions) |
| 9. Exchange of Proposed Claim Construction Terms | **September 22, 2021** (14 days after exchange of proposed claim lists) |
| 10. Submit Joint Claim Construction and Prehearing Statement | **October 6, 2021** (14 days after exchange of proposed claim construction terms) |
| 11. Opening Claim Construction Brief | **October 27, 2021** (21 days after submission of joint claim construction statement) |
| 12. Response to Claim Construction Brief | **November 17, 2021** (21 days after claim construction brief filed) |
| 13. Reply Claim Construction Brief and Matter Submitted to Court for Hearing | **November 24, 2021** (7 days after response to claim construction brief filed) |
| 14. Claim Construction Tutorials, Hearing, and Order from the Court | **At Court's Convenience** (within 60 days after the Reply brief is filed, the court will complete its hearing and issue its order. If the court is unable to issue its order within 60 days after submission of the Reply brief, the court may reset expert disclosure deadlines as requested by a party or stipulation) |
| 15. Motion to Amend Pleadings/Parties | **December 9, 2021** (90 days to close of discovery) |
| 16. Expert Designations | **January 10, 2022** (60 days to close of discovery, or as the parties may stipulate after claim construction order issued by court) |
| 17. Rebuttal Expert Designations | **February 7, 2022** (30 days to close of discovery) |
| 18. Interim Status Report | **January 10, 2022** (60 days to close of discovery) |
| 19. Dispositive Motion Deadline | **April 8, 2022** (30 days after discovery closes) |

      IT IS ORDERED that within **30 days** after Initial Disclosures and Responses are complete, the parties must submit to a Pre-Claim Construction Settlement Conference as set by the court.

      IT IS FURTHER ORDERED that within **30 days** after the court enters a claim construction order, the parties must submit to a Post-Claim Construction Settlement Conference as set by the court.

      IT IS FURTHER ORDERED that any extension of discovery deadline will not be allowed without a showing of good cause for the extension.  All motions or stipulations to extend discovery must be received by the court at least **21 days before the expiration of the subject deadline**.  A request made after this date will not be granted unless the movant demonstrates that the failure to act was the result of excusable neglect.

      IT IS FURTHER ORDERED that, if no dispositive motions will be filed within the time specified in this order, then the parties must file a written, joint proposed pretrial order within 30 days of the dispositive motion cutoff, on or before **May 9, 2022.**  If dispositive motions are filed, then the parties must file a written, joint proposed pretrial order within 30 days of the date the court enters a ruling on the dispositive motions.  Within 30 days of the entry of a pretrial order, or as further ordered by the court, the parties must submit to a pretrial settlement conference.

      Respectfully submitted by:

**GURR BRANDE & SPENDLOVE, PLLC**

By: _*/s/ Robert D. Spendlove*__________________
Robert A. Gurr
*(Admitted Pro Hac Vice)*
rob@gbsip.com
Robert D. Spendlove
*(Admitted Pro Hac Vice)*
spendlove@gbsip.com
491 E. Riverside Dr., #4B
St. George, UT 84790
Telephone: (435) 634-8868
Fax: (866) 232-8818

WEIDE & MILLER, LTD.
F. Christopher Austin
(Nevada Bar No, 6559)
caustin@weidemiller.com
R. Scott Weide
(Nevada Bar No. 5541)
sweide@weidemiller.com
Allen Gregory Gibbs
(Nevada Bar No. 14368)
ggibbs@weidemiller.com
Jing Zhao
(Nevada Bar No. 11487)
jzhao@weidemiller.com
10655 Park Run Drive, Suite 100
Las Vegas, NV 89144
Telephone: (702) 382-4804
Facsimile: (702) 382-4805

*Attorneys for Defendants*

**DICKINSON WRIGHT PLLC**

*/s/ John L. Krieger*_________________
John L. Krieger
(Nevada Bar No. 6023)
jkrieger@dickinsonwright.com
3883 Howard Hughes Pkwy, Ste 800
Las Vegas, NV 89169
Telephone: (702) 550-4400
Fax: (844) 670-6009

Catherine F. Hoffman
(*Admitted Pro Hac Vice)*
choffman@dickinsonwright.com
350 East Las Olas Blvd., Ste. 1750
Fort Lauderdale, FL 33301
Telephone: (954) 991-5420
Fax: (844) 670-6009

*Attorneys for Plaintiff SBD Apparel Limited*

**IT IS SO ORDERED:**

Dated: May ____, 2021

______________________________
U.S. Magistrate Judge

4817-0590-6667 v1 [96166-1]